IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARL A. NEWMAN, II,            )
                               )
            Plaintiff,         )
                               )
v.                             )   Case No. 12-2518-JTM-KGG
                               )
UNION PACIFIC RAILROAD         )
COMPANY,                       )
                               )
            Defendant.         )
_____)

# ORDER ON DEFENDANT'S MOTION TO COMPEL DISCOVERY

Now before the Court is Defendant's Motion to Compel Discovery from Plaintiff and accompanying memorandum. (Docs. 29, 30.) Plaintiff's Complaint alleges that Defendant discriminated and retaliated against him after he engaged in "protected activities" pursuant to the Federal Railroad Safety Act, 49 U.S.C. § 20109(d)(3) (hereinafter "FRSA"). Prior to filing this motion, the parties were able to resolve their differences regarding discovery as to all but an interrogatory relating to "information and documents substantiating [Plaintiff's] claims for attorney fees and litigation costs." (Doc. 30, at 2; *see also* Doc. 30-2, Interrogatory No. 12 and response thereto.)

Plaintiff objects that the discovery requests at issue "invade the attorney-client privilege and work-product privilege." (Doc. 30-2, at 8.) Defendant argues

that Plaintiff's "blanket" claim of the privilege is "inadequate and improper." (Doc. 30, at 7, 10.) Further, Defendant contends that the information requested is both relevant and discoverable because Plaintiff is seeking attorneys fees as an element of damages. (*Id*., at 8.)

Plaintiff previously submitted certain responsive information to Defendant, including the total amount of attorneys fees billed as of February 2013, but objected that the request as written encompasses "[e]very piece of attorney-work product in our office pertaining to" this case. (Doc. 32, at 1-2.) Plaintiff argues that "Defendant's insistence on obtaining the records themselves reveals that defendant's true intent is to obtain documentation of what plaintiff's counsel has been doing in the preparation of plaintiff's case." (*Id*., at 2.) Plaintiff also contends that Defendant misunderstands the procedure for awarding attorneys fees pursuant to Fed.R.Civ.P. 54(d)(2) and the FRSA.

Plaintiff correctly asserts that, pursuant to the FRSA, "[t]he entitlement to an award of attorneys fees is not triggered until and unless the employee bringing the action prevails." (Doc. 32, at 4.) Further, Fed.R.Civ.P. 54(d)(2) provides that a "claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." D. Kan. Rule 54.2(f) states that "discovery may not be conducted with motions for awards of attorney's fees unless the court permits upon

motion and for good cause." Plaintiff argues that "Defendant's claims of relevance [of information relating to attorneys fees] flounder in light of the fact that as of yet, the entitlement to attorneys fees has not been reached." (Doc. 32, at 4.) The Court agrees.

The principal of D.Kan. Rule 54.2 is that motions for attorney's fees should not usually require discovery, thus discovery is permitted only for good cause after a motion has been made for fees, and after the consultation requirements of the rule have been satisfied. Defendant's discovery request is premature. If a motion for attorneys' fees is ultimately made in this case, and if the parties are unable to reach an agreement by consultation as required by the rule, Defendant may move to conduct discovery upon a showing of good cause. The discovery, at this point, is simply not yet relevant. This Defendant's motion is, therefore, **DENIED**.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel (Doc. 29) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 29th day of March, 2013, at Wichita, Kansas.

                                         S/ KENNETH G. GALE
                                         HON. KENNETH G. GALE
                                         U.S. MAGISTRATE JUDGE