IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARL A. NEWMAN, II,  )
                     )
        Plaintiff,   )
                     )
v.                   ) Case No. 12-2518-JTM-KGG
                     )
UNION PACIFIC RAILROAD )
COMPANY,             )
                     )
        Defendant.   )
_____)

**MEMORANDUM & ORDER ON**
**MOTION FOR PROTECTIVE ORDER**

Now before the Court is Plaintiff's Motion for Protective Order. (Doc. 41.) Having reviewed the submissions of the parties, the Court **GRANTS** Plaintiff's motion as more fully set forth below.

Plaintiff's Complaint alleges that Defendant discriminated and retaliated against him after he engaged in "protected activities" pursuant to the Federal Railroad Safety Act, 49 U.S.C. § 20109(d)(3) (hereinafter "FRSA"). Plaintiff's damages include claims for "past and future mental anguish and emotional distress." (Doc. 1, at 14, 17, 20.) Defendant has "announced its intention to depose plaintiff's ex-wife, Wendy McCoy," (Doc. 42, at 2) contending that she "no doubt has information about other stresses in Plaintiff's life, such as him not seeing

1

his eleven year old son for over eight years or his paying or not paying child support, all of which are current on-going issues." (Doc. 43, at 1.)

Plaintiff has submitted a sworn affidavit stating that his divorce from Ms. McCoy was finalized in May 2003 and that he has not seen or communicated with her since 2004. (Doc. 42-1, at 1.) Plaintiff did not begin working for Defendant until August 2004. (Doc. 42-3.) Further, the events at issue in this lawsuit began in February 13, 2010. (Doc. 1, at ¶ 13.) As such, Plaintiff contends that Ms. McCoy "has no knowledge of any of the matters involved in this case, . . . has significant animus towards plaintiff, and . . . is in a position to disclose private and personal information about plaintiff that has nothing to do with this lawsuit." (Doc. 42, at 3.)

Defendant does not directly dispute the time frame of Plaintiff's divorce or the fact that he has had no communication with his ex-wife in almost a decade. Rather, Defendant contends that it should be entitled to "test" Ms. McCoy's lack of knowledge. (Doc. 43, at 4.) As discussed above, Defendant also argues that Ms. McCoy "no doubt has information about other stresses in Plaintiff's life" relating to his estranged son. (*Id.*, at 1.)

Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

> A party or any person from whom discovery is sought
> may move for a protective order in the court where the

> action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> * * *
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
>
> * * *
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; . . . .

Fed.R.Civ.P. 26(c)(1).

The party seeking to quash a subpoena must show "good cause" for the requested protective order. *Id*.; **Sloan v. Overton**, No. 08-2571-JAR-DJW, 2010 WL 3724873 (D.Kan. Sept. 17, 2010). To establish "good cause" within the meaning of Rule 26(c), the party must clearly define the potential injury to be caused by dissemination of the information. **Zhou v. Pittsburg State Univ.**, No. 01-2493-KHV, 2002 WL 1932538, at *2 (D.Kan. July 25, 2002). Plaintiff argues both that the deposition is beyond the scope of discovery and that the potential harm to him outweighs any probative value of the information to be discovered. (*See generally* Doc. 42.)

"[T]he scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34." *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc*., 211 F.R.D. 658, 622 (D. Kan. 2003) (citations omitted). "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).

"Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991). The issue is not whether the information will be admissible at trial, but whether it meets discovery threshold of relevancy.

The Court finds that the information Defendant hopes to receive from a deposition of Plaintiff's ex-wife is not relevant on its face. "As such, it is the proponent's duty to establish its relevance." *Brown v. University of Kansas*, 10-

2606-EFM-KGG, 2012 WL 368715, at *6 (D. Kan. Feb. 3, 2012). Defendant has failed to do so, particularly given the number of years since Plaintiff has communicated with Ms. McCoy. Defendant's request to "test" Ms. McCoy's lack of knowledge is insufficient to overcome the facially irrelevant nature of the information sought.

Further, the information potentially gleaned from Ms. McCoy is highly personal in nature. Given Defendant's failure to establish the relevance to Plaintiff's claims of Ms. McCoy's knowledge (or lack thereof), the Court finds that the potential for annoyance, embarrassment, and/or oppression clearly outweighs the tenuous probative value such information may have.

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 41) is **GRANTED** and Defendant shall not be allowed to depose Ms. McCoy.

**IT IS SO ORDERED.**

Dated this 18th day of June, 2013, at Wichita, Kansas.

                          S/ KENNETH G. GALE
                          HON. KENNETH G. GALE
                          U.S. MAGISTRATE JUDGE